**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000037
29-JUN-2011
03:55 PM**

NO. CAAP-11-0000037

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JUANA MARIA KERR, Petitioner-Appellant, v.
GILBERT SILVA, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1SS10-1-00840)

ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Petitioner-Appellant Juana Kerr (Appellant) has asserted from a December 23, 2010 entry in the district court minutes that appears to reflect the Honorable Steven M. Nakashima's oral announcement that he intends to dismiss the district court case, because the district court has not yet entered an appealable written order or appealable written judgment that dismisses the district court case.

Appellant is appealing pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. . . . <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, <u>an order that fully disposes of an action in the district court may be final and appealable</u> without the entry of judgment on a separate document, <u>as long as the appealed order ends the litigation</u> by fully deciding the rights and liabilities of all parties <u>and leaves nothing further to be adjudicated</u>.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). Rule 4(a)(5) of the Hawai'i Rules of Appellate Procedure provides that "[a] judgment or order is entered when it is filed in the office of the clerk of the court." A district court's "oral decision is not an appealable order." <u>KNG Corp. v. Kim</u>, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005). Although court minutes might reflect a court's oral announcement of a ruling, "a minute order is <u>not</u> an appealable order." <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). "In civil cases before the district court, the filing of the judgment in the office of the clerk constitutes the entry of the judgment; and

the judgment is not effective before such entry." KNG Corp. v. Kim, 107 Hawaiʻi at 77, 110 P.3d at 401 (citation, internal quotation marks, and brackets omitted); cf State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003) ("Accordingly, we hold that, in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3).").

On May 4, 2011, the record on appeal for Appeal No. CAAP-11-0000037 was filed, at which time the record on appeal did not contain any written order or written judgment that ended this case, leaving nothing further to be adjudicated. Absent an appealable written order or appealable written judgment that ends this case, Appellant's appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000037 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 29, 2011.

Chief Judge

Associate Judge

Associate Judge

-3-